

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Robert Balin**
212.489.8230 tel
212.489.8340 fax
RobBalin@dwt.com

August 12, 2024

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 21A
500 Pearl Street
New York, NY 10007-1312

    Re:    *Savage v. Assoc. Newspapers Ltd., et al.*, **No. 1:24-cv-03280-NRB**

Dear Judge Buchwald:

    This firm represents Defendants Associated Newspapers Ltd. and Mail Media, Inc. (together, "Defendants") in the above-referenced libel suit. We write to respectfully request a pre-motion conference regarding Defendants' anticipated motion to dismiss the complaint ("Complaint" or "Compl.") pursuant to Fed. R. Civ. P. 12(b)(6). As set forth below, the libel claim asserted by Plaintiff Robert Savage ("Savage") fails as a matter of law because the challenged statement, which appears in a news article about Hunter Biden, the son of President Joe Biden, is not reasonably susceptible to any defamatory meaning with respect to Savage.[1]

    **Plaintiff's Defamation Claim**. As alleged in the Complaint, Savage is a former Secret Service agent. Compl. ¶ 1. Prior to his retirement in April 2018, he was in charge of the Secret Service's Los Angeles Field Office. *Id.* ¶¶ 2, 15. Defendants are alleged to be the publishers of the news site DailyMail.com ("MailOnline"). Compl. ¶¶ 6-7.[2]

    On October 2, 2023, MailOnline posted a news article titled, "EXCLUSIVE: Hunter Biden was suspected of hiring prostitutes from 'Eastern European sex trafficking ring' during drug binges and falsifying checks to pay the women, Treasury documents reveal" (the "Article"). *Id.* ¶ 27. The Article reported on U.S. Treasury Department records reflecting a 2019 report to the government agency by a major bank about its investigation into customer financial records linked to an Eastern European prostitution ring, including multiple payments allegedly made by Hunter Biden that investigators said "appeared related to prostitution or drugs." MailOnline's

---

[1] The undersigned counsel also represents the defendants in a related case before this Court, also brought by Savage, in which he claims he was defamed by an article published by the *New York Post*, as well as a Tweet posted by one of its reporters. *See Savage v. NYP Holdings, Inc.*, No. 1:24-cv-03278. A letter requesting a pre-motion conference also is being submitted in that case.

[2] MailOnline is published by defendant Associated Newpapers Ltd.; defendant Mail Media Inc. is a services company. For purposes of this pre-motion letter and Defendants' anticipated motion to dismiss, however, the legal arguments are the same.

Anchorage  New York   Seattle
Bellevue   Portland   Shanghai
Los Angeles  San Francisco  Washington, D.C.

www.dwt.com

August 8, 2024
Page 2

report included a hyperlink to an article it published three years earlier, which had included references to text messages found on a laptop allegedly belonging to Hunter Biden.[3]

The <u>only</u> reference to Savage in the MailOnline Article at issue here is one sentence at the end of the Article, which indicates that Savage had sought to put an end to Hunter's illicit activities:

> [Hunter's] binge only ended on May 24, 2018 when then-recently retired LA Secret Service chief Robert Savage texted him threatening to break into the room, telling him that 'DC is calling me every 10' and that he was working on 'Celtic's account' – the Secret Service codename for Joe Biden when he was Vice President.

*Id.* ¶ 27 (the "Challenged Statement"). Plaintiff's defamation claim is based on his assertion that the Challenged Statement "directly accuse[s] Mr. Savage of abusing his position, engaging in illegal misconduct, covering up [Hunter's illicit activities], and the absence of integrity []." *Id.* ¶ 39. No reasonable reader could agree with his strained interpretation of this sentence.[4]

**Argument**.[5] "Libel plaintiffs must identify a plausible defamatory meaning of the challenged statement or publication." *Van Buskirk*, 325 F.3d at 90 (citation and internal quotation marks omitted).[6] A statement is defamatory only "if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community." *Golub v. Enquirer/Star Grp., Inc*., 89 N.Y.2d 1074, 1076 (1997) (citation omitted). Whether a challenged statement is reasonably susceptible to defamatory meaning is a question of law. *Id.*; *Van Buskirk*, 325 F.3d at 90. "[C]ourt[s] should

---

[3] The earlier article reported that the text messages included communications between Hunter Biden and Savage. *Id.* Savage did not file suit over the June 2021 article, and the statute of limitations has long since expired. *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) ("The statute of limitations for libel in New York is one year.").

[4] The Complaint alleges that the reported text message exchange between Savage and Hunter was "fabricated" by an unidentified party, and that the reported incident with Hunter never occurred. Compl. ¶¶ 1, 33. Savage's denial was reported in the Article, which stated: "Savage has denied having any involvement with Hunter, and the Secret Service say that they were not providing any protections for the Bidens at the time." If the case proceeds, Defendants will dispute that the text messages discussed in the Article were fabricated, but that is irrelevant at this stage: even assuming, *arguendo*, that the Challenged Statement is false, it is not reasonably susceptible to any defamatory meaning as to Savage, and therefore is not actionable.

[5] As noted below, there is no conflict between the law of New York (where Defendant Mail Media is headquartered, Compl. ¶ 7), and the law of California (where Plaintiff resides, *id.* ¶ 5) with respect to the requirement that libel plaintiffs plead that a challenged statement is reasonably susceptible to defamatory meaning. "In the absence of substantive difference . . . a New York court will dispense with choice of law analysis; and if New York law is among the relevant choices, New York courts are free to apply it." *Int'l Bus. Mach. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

[6] *See also Cochran v. NYP Holdings, Inc*., 210 F.3d 1036, 1038 (9th Cir. 2000) (per curiam) (affirming dismissal of defamation claim where the challenged statement was not reasonably susceptible of defamatory meaning).

August 8, 2024
Page 3

not render statements actionable by giving them a strained or artificial construction." *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) (granting motion to dismiss) (citation and internal quotation marks omitted). Moreover, where (as here) a libel plaintiff alleges that some defamatory meaning is *implied* from the challenged statement, he must make "a ***rigorous showing*** that the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference." *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37-38 (1st Dep't 2014) (emphasis added) (affirming pre-answer dismissal).[7]

      Here, the Article is not explicitly defamatory as to Savage, nor is it capable of supporting the strained implication that he alone reads into it. Nothing in the Article "directly accuse[s]" Savage of any "misconduct," Compl. ¶ 39, or suggests in any way that he was "covering up" Hunter's activities, *id.* ¶ 1. Nor is that construction reasonably implied: to the contrary, the Challenged Statement portrays Savage as having acted to *stop* allegedly illicit behavior by President Biden's son, describing Savage as the person who "ended" Hunter's "hooker and drug-fueled binge" by "threatening to break into [Hunter's hotel] room." *Id.* ¶ 27. Moreover, nothing in the Complaint comes close to making the "rigorous showing" that the defamatory implication alleged by Savage was affirmatively intended or endorsed by Defendants. *Stepanov*, 120 A.D. 3d at 37. Instead, Savage "adds an entirely new and independent thought that finds no support in the article." *Tracy v. Newsday*, 5 N.Y.2d 134, 137 (1959) (affirming pre-answer dismissal).

      Defendants respectfully request that the Court schedule a pre-motion conference. In the event that the Court chooses to forego a conference, the parties have conferred and agree on the following briefing schedule: Defendants shall file their opening brief by September 25, 2024, Plaintiff shall file his opposition by November 7, 2024, and Defendants shall file their reply by December 12, 2024.

                                        Respectfully submitted,
                                  By:   */s/ Robert D. Balin*
                                              Robert D. Balin

---

[7] *See also Thomas v. L.A. Times Commc'ns LLC*, 45 F. App'x 801, 802 (9th Cir. 2002) (dismissing defamation by implication claim where the challenged article did not give rise to a defamatory implication and plaintiff could not plead that the author intended to convey a defamatory implication).